## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STACEY L. PHILLIPS

                                      Case No.: 8:25-cv-1856

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,                       **JURY TRIAL DEMANDED**

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Stacey L. Phillips (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax" or "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein despite Plaintiff's repeated meritorious disputes of the credit reporting of her JP Morgan Chase Mortgage account (the "Account"), wherein Equifax continued to report the Account as discharged in bankruptcy

1

despite a valid reaffirmation agreement, and failed to notate the accounts as disputed, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code, Section 1681, *et seq*.

3.      Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District and the events described herein occur in this District.

4.      Venue is proper in this District as the acts and transactions described herein occur in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309.

## GENERAL ALLEGATIONS

7.      At all material times herein, JP Morgan Chase Mortgage is  a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

8.      At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.      At all material times herein, Defendant acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

10.     All necessary conditions precedent to the filing of this action occurred, or Defendant waived the same.

## FACTUAL ALLEGATIONS

11.     On May 16, 1996, a mortgage was recorded against Plaintiff's real estate property by virtue of a Promissory Note.

12.     On August 5, 2020, Plaintiff filed bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, Case No. 8:20-bk-05987 ("Bankruptcy Case").

13.     At the time of the Bankruptcy Case, JP Morgan Chase Mortgage ("Chase") owned and was the furnisher of the Account.

14.     On October 15, 2020, Plaintiff and Chase entered into a reaffirmation agreement while represented by legal counsel.

15.     On April 5, 2021, the Court entered an Order Granting Debtor's Motion to Deem Reaffirmation Agreement Timely Filed in Plaintiff's Bankruptcy Case.

16.     On June 3, 2022, Plaintiff filed an action for violations of the FCRA against Defendant in the Middle District of Florida, Case No. 8:22-cv-01206 (the "First Litigation"), Case style *Phillips v. JPMorgan Chase, et al*.

17.     In August 2022, the parties resolved the First Litigation. As part of said resolution, the reporting of the Account was to be updated upon receipt of an Automated Universal Data (AUD) from the furnisher.

18.     On August 8, 2022, Chase submitted the required AUD.

19.     The credit reporting of the Account was either subsequently corrected or never corrected per the AUD.

4

20.     Thereafter, Plaintiff became aware that Equifax was not reporting the Account at all. The Account did not even appear on her credit reports as closed or paid as agreed.

21.     Plaintiff was shocked, confused, and became frustrated to discover that her credit file was being prepared and reported without any reference to the thirty year mortgage that Plaintiff paid timely for the past 29 years and even reaffirmed in bankruptcy.

22.     Plaintiff then initiated multiple online disputes in an attempt to again correct the credit reporting of the Account which Plaintiff had reaffirmed and paid as agreed.

23.     Frustrated with the lack of reporting or inaccurate and misleading nonsensical reporting of the Account, Plaintiff contacted legal counsel in reference to the reporting of the Account.

24.     In July 2024, Plaintiff submitted an online credit reporting dispute electronically via Equifax's portal.

25.     On August 5, 2024, Equifax responded to Plaintiff's online dispute by continuing to report the mortgage account as closed and discharged in bankruptcy. Please see attached a true and correct excerpt of Equifax's report, labeled as **Exhibit "A".**

26.    On September 4, 2024, Plaintiff, with the assistance of the undersigned counsel, disputed Chase's credit reporting of the reaffirmed debt as discharged by letter to Equifax (hereinafter, the "First Dispute Letter"). Please see attached a true and correct copy of Plaintiff's First Dispute Letter, labeled as **Exhibit "B".**

27.    In the First Dispute Letter, Plaintiff disputed Chase's inaccurate reporting of the Account, explaining that:

a.    Plaintiff reaffirmed the debt with Chase, and enclosed a copy of the reaffirmation;

b.    Trans Union was accurately reporting the Account as open and never late; and

c.    The Account should be updated to reflect monthly on time payments pursuant to the reaffirmation agreement accordingly.

28.    Equifax received the First Dispute Letter and communicated Plaintiff's First Dispute Letter to Chase.

29.    On or about September 29, 2024, Equifax confirmed receipt of Plaintiff's First Dispute Letter, but indicated that it was unable to locate her credit file based on the information provided despite having previously responded to her online dispute. Equifax further requested that Plaintiff

submit proof of her identification.

30.    On or about October 3, 2024, Plaintiff sent a second dispute letter (hereinafter, the "Second Dispute Letter") with proof of her identity.  Please see attached a true and correct copy of Plaintiff's Second Dispute Letter, labeled as **Exhibit "C".**

31.    Equifax received the Second Dispute Letter and communicated the Second Dispute Letter to Chase.

32.    On October 17, 2024, Equifax issued its response to Plaintiff's First Dispute Letter. Equifax's response continued to report the Account as closed and included in bankruptcy. Please see attached a true and correct copy of an excerpt of Equifax's Second Response, labeled as **Exhibit "D".**

33.    Despite having repeatedly advised Equifax that the Account was reaffirmed, Equifax continued to report the Account with zero balance owed, closed and discharged in bankruptcy, and made no reference to Plaintiff's reaffirmation of the debt.

34.    Plaintiff has been denied credit and has been unable to obtain financing for a vehicle lease or purchase despite being a long time loyal Ford Motor Credit customer.

35.    Plaintiff has been denied credit by Upgrade, Inc., Ford Credit,

Big Picture Loans, American Credit Acceptance, Suncoast Credit Union, Global Lending Services, and Walker Ford Company.

36. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Monies lost by attempting to fix her credit;

    b. Loss of time attempting to cure the errors;

    c. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life;

    d. Inability to apply for any credit;

    e. Denials of credit accounts; and

    f. Reduction in credit score.

37. The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Equifax.

## COUNT I
## <u>VIOLATION OF THE FCRA 15 U.S.C § 1681e(B)</u>

Plaintiff re-alleges and reincorporates paragraphs 1 through 37, as if fully set forth herein.

38.    Equifax is subject to and violated the provisions of 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparing of the credit report and credit files it published and maintains concerning Plaintiff.

39.    Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

40.    Specifically, despite the First Dispute Letter in which Plaintiff directly informed Equifax that the Debt associated with the Account was reaffirmed, Equifax continued to report the Account as discharged in bankruptcy with zero amount owed, and did not indicate that Plaintiff disputed the reporting of the Account.

41.    Further, Equifax willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

42.     Specifically, despite the Second Dispute Letter in which Plaintiff provided Equifax with additional proof that the Debt was reaffirmed, Equifax continued to report the Account with a zero balance owed, closed and discharged in bankruptcy, and made no reference to Plaintiff's reaffirmation of the debt.

43.     Such reporting of the Account has caused the Account not to be included in the calculation of Plaintiff's credit score thereby depriving Plaintiff of the benefit of 29 years of monthly payments on time.

44.     The reporting is also false, short-sighted and evidences Equifax's failure to establish or follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit reports and credit file.

45.     As a result of Equifax's conduct, actions, and inactions, Plaintiff is being denied the positive reporting history on a reaffirmed debt that was timely paid for 29 years, thus lowering Plaintiff's credit score significantly.

46.     Equifax's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

47.     Equifax's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the

FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT II
## <u>VIOLATION OF THE FCRA 15 U.S.C § 1681i(a)(1)</u>

Plaintiff re-alleges and reincorporates paragraphs 1 through 37, as if fully set forth herein.

48.    Equifax is subject to, and violated the provisions of 15 U.S.C., Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit report and credit files.

49.    Specifically, Equifax willfully and/or negligently refused, or both, to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes as described herein.

50.    For example, despite receiving Plaintiff's First Dispute Letter, Equifax's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

51.    Furthermore, Equifax continuously reported the Account as a discharged through Bankruptcy with no balance owed on Plaintiff's credit

reports without referencing Plaintiff's disputes or the fact that the Debt associated with the Account was reaffirmed.

52.     Despite receiving an AUD form from the furnisher correcting the information being reported after the First Dispute Letter, and receipt of Plaintiff's Second Dispute Letter; Equifax's reinvestigations were not reasonably conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

53.     For example, Equifax continued to report the Debt associated with the Account as closed, discharged in bankruptcy with no balance owed and no ongoing monthly payments despite receiving a copy of the reaffirmation agreement, an updated AUD, and proof of ongoing monthly payments in the Second Dispute Letter.

54.     Such credit reporting is false and evidences Equifax's failure to conduct a reasonable reinvestigation of Plaintiff's disputes regarding the Account.

55.     Equifax's reinvestigations of Plaintiff's disputes were not conducted reasonably.

56.     Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

57.    Equifax's reinvestigation procedures are unreasonable.

58.    Equifax's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to the CRAs.

59.    Equifax's reinvestigations were *per se* deficient by reason of these failures in the CRAs' reinvestigations of Plaintiff and the Account.

60.    Equifax's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT III
## VIOLATION OF THE FCRA
## 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges and reincorporates paragraphs 1 through 37, as if fully set forth herein.

61.    Equifax is each subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

13

62.    Specifically, despite receiving Plaintiff's First Dispute Letter, which enclosed a copy of the reaffirmation agreement, Equifax failed to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

63.    Further, despite receiving an updated AUD after the First Dispute Letter, and receipt of Plaintiff's Second Dispute Letter enclosing a copy of the reaffirmation agreement and proof of ongoing payments, Equifax willfully or negligently failed, or both, to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

64.    Equifax's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

65.    Equifax's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT IV**
**VIOLATION OF THE FCRA**
**15 UNITED STATES CODE, SECTION 1681i(a)(5)**

Plaintiff re-alleges and reincorporates paragraphs 1 through 37, as if fully set forth herein.

66.    Equifax is each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that could not be verified.

67.    Specifically, despite receiving Plaintiff's First Dispute Letter, in which Plaintiff directly informed Equifax that the debt associated with the Account was reaffirmed, Equifax failed to update information on Plaintiff's credit reports with respect to the Account that was inaccurate.

68.    Further, despite receiving Plaintiff's Second Dispute Letter, which enclosed a copy of the reaffirmation and proof of ongoing payments, Equifax willfully or negligently, or both, failed to update the information on Plaintiff's credit reports with respect to the Debt associated with the Account, namely that it was inaccurate.

69.    As a direct result of Equifax's conduct, actions, and/or inactions, Plaintiff sustained damages to her credit and loss of access to credit.

70.    Equifax's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as

more fully stated herein.

71.     Equifax's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**WHEREFORE,** as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendant for maximum statutory damages for violations of the FCRA;

b.      Actual damages in an amount to be determined at trial;

c.      Compensatory damages in an amount to be determined at trial;

d.      Punitive damages under the FCRA in an amount to be determined at trial;

e.      An award of attorneys' fees and costs; and

f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
Rebbecca@rgoodalllaw.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff